IN THE MATTER OF: COMPUTER TECHNOLOGY CORPORATION

No. 8526SC350

(Filed 17 December 1985)

**Searches and Seizures § 1; Process § 6— order to make records available—not administrative search warrant—subpoena duces tecum—constitutional**

> An *ex parte* order directing the officials of Computer Technology Corporation to make available its records pertaining to its transactions with two other corporations and the City of Charlotte as part of an investigation into purchasing irregularities by the City was not an administrative search warrant because it was not part of an "authorized program of inspection" and these records could not be construed as "a condition, object, activity or circumstance"; furthermore, it has previously been determined that orders of the type in question here are subpoenas duces tecum and not administrative search warrants. Evidence procured by subpoenas is not normally subject to the strictures of the Fourth Amendment of the United States Constitution and the order in this case was neither unreasonably broad nor indefinite. Art. I, § 20 of the N. C. Constitution, N.C.G.S. 15-27.2.

APPEAL by Computer Technology Corporation from *Burroughs, Judge*. Order entered 29 January 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 October 1985.

The Charlotte Police Department initiated an investigation into the possibility of fraud and irregularities in the purchasing of parts, equipment, and services by the City of Charlotte. In furtherance of that investigation, the District Attorney sought an *ex parte* order from the superior court directing officials of Computer Technology Corporation (hereinafter Computer Technology)

to make available records pertaining to its transactions with two other corporations and the City of Charlotte. The District Attorney gave as grounds that the records were "necessary to the investigation [and] . . . for a proper administration of justice." Based on the verified petition and an attached affidavit, the court found that the best interest of law enforcement and the administration of justice required the production of the information. The court therefore ordered Computer Technology to make available the requested records.

This process was subsequently served on an official of Computer Technology on 1 February 1985. Through a motion filed 4 February 1985, Computer Technology sought a stay of the order. This motion was denied. Computer Technology then timely filed notice of appeal and sought from this Court a temporary stay and a writ of supersedeas which were allowed.

From the order entered in the superior court, Computer Technology appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Daniel C. Higgins, for the State.*

*Casstevens, Hanner & Gunter, by Nelson M. Casstevens, Jr., Marc R. Gordon and W. David Thurman, for appellant.*

ARNOLD, Judge.

Computer Technology contends that the order is in essence an administrative search warrant, and as such must meet the requirements of the Fourth Amendment to the United States Constitution; Article I, Section 20 of the North Carolina Constitution; and G.S. 15-27.2. We disagree.

The order is not an administrative search warrant. G.S. 15-27.2(c)(1) mandates that one of the following two conditions must be met before an administrative search warrant can be issued. First, the property to be searched or inspected must be searched or inspected as part of a "legally authorized program of inspection which naturally includes that property" or second, there must be "probable cause for believing that there is a condition, object, activity or circumstance which legally justifies such a search or inspection of that property." The order in question required Computer Technology to make available certain requested

records. The order was certainly not part of an "authorized program of inspection," nor in this instance, can the records be construed as "a condition, object, activity or circumstance." Furthermore, this Court has previously determined that orders of the type in question are subpoenas duces tecum and not administrative search warrants. *See In re Superior Court Order*, 70 N.C. App. 63, 318 S.E. 2d 843, *disc. rev. granted*, 312 N.C. 622, 323 S.E. 2d 926 (1984), and *State v. Sheetz*, 46 N.C. App. 641, 265 S.E. 2d 914 (1980) (in reference to the 4 December 1978 order).

The Superior Court of Mecklenburg County, as a court of general jurisdiction in North Carolina, possesses the inherent power under the common law to issue a subpoena duces tecum in this instance where the interests of justice so required. *In re Superior Court Order*, 70 N.C. App. at 66, 318 S.E. 2d at 845. Computer Technology seeks to distinguish the present case from *In re Superior Court Order* in that the present case involves an order directed toward a corporation which is itself subject to a criminal investigation. However, it is not clear from the facts in this case that Computer Technology is the subject of the criminal investigation. Assuming *arguendo* that it is the subject of the investigation, this Court in *State v. Sheetz*, 46 N.C. App. 641, 265 S.E. 2d 914 (1980), approved such a subpoena in the criminal investigation of a sole proprietorship. Thus, though the facts of the present case might be distinguished from *In re Superior Court Order*, the facts do not distinguish this case from *Sheetz*.

Evidence procured by subpoenas is normally not subject to the strictures of the Fourth Amendment to the United States Constitution. *Sheetz*, 46 N.C. App. at 645, 265 S.E. 2d at 917. The Supreme Court of the United States, in *Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 90 L.Ed. 614, 66 S.Ct. 494 (1946), articulated the principles of law applicable to a subpoena duces tecum directed to a corporate entity:

> [T]he Fourth [Amendment], if applicable, at the most guards against abuse only by way of too much indefiniteness or breadth in the things required to be 'particularly described,' if also the inquiry is one the demanding agency is authorized by law to make and the materials specified are relevant. The gist of the protection is in the requirement, expressed in terms, that the disclosure sought shall not be unreasonable.

327 U.S. at 208, 90 L.Ed. at 629. *Accord, Meyers v. Holshouser*, 25 N.C. App. 683, 214 S.E. 2d 630, *cert. denied*, 287 N.C. 664, 216 S.E. 2d 907 (1975).

The order in question is neither unreasonably broad nor indefinite. The order describes the types of records to be produced and specifies the particular transactions and parties to which the requested records pertain. The records are relevant to the investigation and we have previously determined that the superior court is empowered to require the production of the records.

As to Article I, Section 20 of the North Carolina Constitution, we do not interpret that section to require more particularity in subpoenas than does the Fourth Amendment as applied to the states through the Fourteenth Amendment. *See generally, State v. Kornegay*, 313 N.C. 1, 326 S.E. 2d 881 (1985).

Therefore, in view of our findings, we affirm the order of the superior court and dissolve the writ of supersedeas.

Affirmed.

Judges WELLS and MARTIN concur.